IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

CASEY SHERIDAN
13301 Ashlawn Drive
Louisville, Kentucky 40272

v.

Case No. 3:15-CV-837-DJH

Judge _____

LVNV FUNDING, LLC                                                                DEFENDANTS
15 South Main Street
Greenville, South Carolina 29603

       SERVE:    Corporation Service Company
                      1703 Laurel Street
                      Columbia, South Carolina 29223
                      (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

       SERVE:    CT Corporation System
                      818 West Seventh Street, 2nd Floor Agent
                      Los Angeles, CA 90017
                      (BY KENTUCKY SECRETARY OF STATE)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

       SERVE:    The Prentice Hall Corporation System
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Casey Sheridan, by counsel, and for his Verified Complaint against the Defendants, LVNV Funding, LLC ("LVNV"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of LVNV's false reporting to Equifax, Experian and Trans Union of an alleged delinquent debt of the Plaintiff, and Equifax's, Experian's, and Trans Union's, failure to correct LVNV's false reporting on Plaintiff's credit reports.

**II. PARTIES**

2. Plaintiff, Casey Sheridan, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 13301 Ashlawn Drive, Louisville, Kentucky 40272.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, LVNV, is a corporation organized under the laws of the State of South Carolina and doing business in the Commonwealth of Kentucky with its principal place of business

located at 15 South Main Street, Greenville, South Carolina, 29603.

5. LVNV is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams St., Chicago, Illinois, 60661.

13. Trans Union is a "consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In late 2014, Plaintiff was in the process of attempting to secure mortgage financing and accessed his credit history. In accessing his credit history, Plaintiff discovered that his Equifax, Experian and Trans Union credit reports contained a derogatory entry furnished by LVNV regarding an alleged past account with Windstream.

17. Plaintiff has never used Windstream's services or held a Windstream account.

18. Immediately upon discovery of the LVNV derogatory entry, Plaintiff contacted Windstream and advised Windstream that the alleged account was fraudulent.

19. Also immediately upon discovery of the Windstream derogatory entry, Plaintiff filed disputes regarding the entry with Equifax, Experian and Trans Union.

20. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified LVNV of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

21. Upon information and belief, Experian, pursuant to the requirements stated in 15

U.S.C. §1681i(a)(2)(A), notified LVNV of the dispute at or within five (5) days of Experian's receiving notice of the dispute from Plaintiff.

22. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified LVNV of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

23. In or around January 2015, Equifax, Experian and Trans Union verified the LVNV account.

24. Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, Equifax, Experian and Trans Union failed to remove the disputed item from Plaintiff's credit reports. Upon information and belief, Equifax, Experian and Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's, Experian's and Trans Union's receipt of Plaintiff's dispute.

25. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the Windstream account.

## V. CLAIMS

### Negligence - LVNV

26. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. LVNV's false reporting to Equifax, Experian and Trans Union regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, LVNV breached its duty to Plaintiff

28.     to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

29.     LVNV's false reporting to Equifax, Experian and Trans Union regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.  LVNV's false reporting to Equifax, Experian and Trans Union regarding the alleged delinquent debt of the Plaintiff was willful and wanton entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

30.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

31.     Equifax's failure to remove LVNV's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to remove LVNV's false report of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

32.     Equifax's negligent failure to remove LVNV's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33.     Equifax's failure to remove LVNV's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports,

was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Experian

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Experian's failure to remove LVNV's false report of Plaintiff's alleged delinquency from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to remove LVNV's false report of Plaintiff's alleged delinquency, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

36. Experian's negligent failure to remove LVNV's false report of Plaintiff's alleged debt from Plaintiff's Experian credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

37. Experian's failure to remove LVNV's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

38. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Trans Union's failure to remove LVNV's false report of Plaintiff's alleged delinquency from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to remove LVNV's false report of Plaintiff's alleged delinquency, Trans Union breached its duty to Plaintiff to thoroughly investigate

any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

40. Trans Union's negligent failure to remove LVNV's false report of Plaintiff's alleged debt from Plaintiff's Trans Union credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

41. Trans Union's failure to remove LVNV's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – LVNV

42. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. LVNV, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian, and Trans Union that Plaintiff was past due on the alleged LVNV account and that the LVNV account was in collection status. LVNV's statements were made with conscious disregard for the rights of the Plaintiff.

44. LVNV's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to LVNV, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged LVNV account and that the LVNV account is in collection status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

47. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to LVNV, and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff was past due on the alleged LVNV account and that the LVNV account is in collection status. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

50. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

51. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to LVNV and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff was past due on the alleged LVNV account and that the LVNV account is in collection status.  In publishing such statements, Trans Union acted with conscious disregard for the rights of the Plaintiff.

53.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Afni

54.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     LVNV's false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged delinquency is a violation of LVNV's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

56.     LVNV's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which LVNV is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

57.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum

possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

61. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

65. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66. Trans Union's failure to remove the disputed items from Plaintiff's credit report despite knowledge of the falsity of the disputed items is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – LVNV

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. LVNV's false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged delinquency, despite LVNV's knowledge of the falsity of its reporting, is a willful violation of LVNV's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

71. Given LVNV's knowledge of the falsity of its reporting, LVNV's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which LVNV is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

76. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's

duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

80. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81. Trans Union's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

83. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Casey Sheridan, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
(502) 589-4994
dhemminger@lynchcox.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Casey Sheridan, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

                                                                                               _____

                                                                                               Casey Sheridan

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | ) SS |
| COUNTY OF JEFFERSON | ) |

Subscribed, sworn to and acknowledged before me by Casey Sheridan this \_\_\_ day of _____, 2015.

                                                                                             _____

                                                                                              Notary Public

                                                                                              Commission expires:_____